

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CALVIN WALKER,

   Plaintiff,

v.                23-CV-6598-FPG
                  ORDER
DOCCS, DANIEL F. MARTUSCELLO III,
*DOCCS Acting Commissioner*; CAROL
MOORES, *Deputy Commissioner and Chief
Medical Officer*; AMY COOK,
*Superintendent, Orleans Correctional
Facility*,[1]

   Defendants.
_____

  *Pro se* Plaintiff Calvin Walker, currently confined at the Riverview Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. The Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). ECF No. 6 (the initial screening order).

  The Court found that Plaintiff's complaint plausibly alleged a claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") and allowed that claim to proceed to service upon DOCCS. *Id.* at 6-13. Because Plaintiff named only Orleans Correctional Facility as a defendant, the Court instructed him to file an amended complaint naming DOCCS as a defendant for purposes of the ADA/RA claim. *Id.* at 10-11. The Court dismissed Plaintiff's Eighth Amendment claim based on inadequate medical care with leave to amend. *Id.* at 3-6, 11-13. In particular, the Court found that although Plaintiff alleged a serious medical need—a back

_____
[1] The Clerk of Court is directed to amend the caption as set forth herein.

injury resulting from a fall—he did not allege that any particular individual had knowledge of his serious medical need and was deliberately indifferent to it. *Id.* at 3, 5-6. Indeed, Plaintiff did not name any DOCCS employees as defendants. The Court granted leave to amend the Eighth Amendment claim to allege facts showing how the person or persons who treated or failed to treat Plaintiff's back injury were deliberately indifferent to his serious medical need. *Id.* at 6.

Plaintiff timely filed an amended complaint, ECF No. 7, which the Court has screened under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). The Court dismisses without leave to amend the Eighth Amendment claims and terminates Acting Commissioner Daniel F. Martuscello III, Chief Medical Officer Carol Moores, and Superintendent Amy Cook as defendants. Because the amended complaint does not include the allegations supporting the ADA/RA claim but did name DOCCS as a defendant, the Court reinstates the original complaint and directs service upon DOCCS.

## DISCUSSION

### I. EIGHTH AMENDMENT

#### A. Denial of Adequate Medical Care

In its initial screening order, the Court apprised Plaintiff of two components he must plead before his inadequate medical care claim could proceed to service. First, to establish liability against an official under § 1983, he must allege each defendant's personal involvement in the alleged constitutional violation. ECF No. 6 at 4. Importantly, the Court cautioned Plaintiff that it is not enough to assert that a defendant is a link in the chain of command. *Id.* Second, the Court informed Plaintiff that a claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that the defendant was deliberately indifferent to the plaintiff's serious medical need. *Id.* The Court went on to define deliberate indifference and

specifically apprised Plaintiff that to survive screening an amended complaint must include facts that show how the person or persons who treated or failed to treat Plaintiff knew that his back injury posed an excessive risk to his health or safety and disregarded the risk. *Id.* at 5-6.

Plaintiff's amended complaint does not include Martuscello, Moores, and Cook as defendants in the caption; however, he lists them as defendants in the body of the complaint.[2] ECF No. 7 at 2-3. He alleges: "While working in the messhall, I fell hard on my left side and my back on a wet floor that had no wet [floor] signs posted. I failed to receive emergency medical treatment in a timely fashion, and I still deal with chronic, untreated pain." *Id.* at 5.

Plaintiff does not allege how these any of these defendants knew that Plaintiff had a back injury, much less that it posed an excessive risk to his health or safety. Nor does he allege what they did or failed to do that prevented him from receiving medical care in a timely fashion. Plaintiff's allegations do not show Martuscello, Moores, or Cook's deliberate indifference to his back injury.

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). And when—after being apprised of pleading deficiencies—the plaintiff fails to cure those deficiencies in an amended complaint, there is "clearly . . . no right to a second amendment." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (where the district court "had put plaintiff's counsel on the plainest notice of what was

---

[2] "The substance of the pleadings, not the caption, determines the identity of the parties." *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 384 n.1 (E.D.N.Y. 2012) (collecting case). Construing Plaintiff's *pro se* amended complaint broadly for purposes of this screening order, the Court deems the caption amended to include these individuals as defendants.

3

required," and those defects were not cured in the first amendment, plaintiff "clearly ha[d] no right to a second amendment")).

Here, the Court's initial screening order apprised Plaintiff of the deficiencies in his complaint with regard to the "deliberate indifference" prong of a claim alleging the denial of adequate medical care. The Court further apprised Plaintiff of the facts he needed to plead for his Eighth Amendment claim to proceed past screening. After being apprised of the deficiencies in his complaint and put on "the plainest notice of what was required," Plaintiff failed to allege any facts that plausibly allege any claim against Martuscello, Moores, or Cook. *Denny*, 576 F.2d at 471. The Court therefore declines to permit Plaintiff to file a second amended complaint.

### B.     Conditions of Confinement

Plaintiff's allegation that he fell on a wet floor that had no wet floor signs posted, liberally construed, suggests an Eighth Amendment claim regarding his conditions of confinement. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Thus, similar to a claim alleging a denial of adequate medical care, a conditions of confinement claim contains an objective and subjective component. *See id.*

"Courts in this Circuit have repeatedly held that wet or cracked floors are not conditions that satisfy the objective prong of a claim for unconstitutional conditions of confinement." *Allen v. Stringer*, No. 20-CV-8122 (LLS), 2020 WL 6491669, at *2 (S.D.N.Y. Nov. 2, 2020) (collecting cases), *aff'd,* No. 20-3953, 2021 WL 4472667 (2d Cir. Sept. 30, 2021). Even assuming that a wet

floor without cautionary signage sufficiently alleges the objective prong of an Eighth Amendment claim, the amended complaint does not permit an inference that Martuscello, Moores, or Cook knew that Plaintiff "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847-48. Therefore, it fails to state a plausible conditions of confinement claim under the Eighth Amendment.

Because the amended complaint does not suggest the existence of any facts that would allow Plaintiff to state a plausible claim that the conditions of his confinement violated the Eighth Amendment, further leave to amend would be futile and is denied. *See Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018) (summary order) ("[A]mendment would be futile, as there is no indication that [the *pro se* plaintiff] might plead a valid claim, particularly because he alleged no factual allegations.").

## II.   ADA and RA

Plaintiff's amended complaint does not include any facts that plausibly allege an ADA/RA claim. In its initial screening order, the Court apprised Plaintiff that an amended complaint completely replaces the prior complaint in the action and that his amended complaint must both name DOCCS and reallege the facts related to his reasonable accommodation/failure-to-accommodate claim. ECF No. 6 at 10-11. Plaintiff named DOCCS as a Defendant in his amended complaint. But Plaintiff did not allege any facts supporting an ADA/RA claim and there are no other viable claims asserted. The entire action is therefore subject to dismissal with prejudice.

"It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). In general, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) (quotations and citations omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). In *Austin*, however, the Second Circuit declined to apply the general rule to *pro se* litigants, reasoning that they "may not fully understand the superseding effect of the second pleading, even when it is allowed much less when it is disallowed." *Id.* "Ultimately," the Circuit noted, "the question of abandonment is one of intent." *Id.*

Here, Plaintiff named DOCCS in his amended complaint but omitted all factual allegations regarding his ADA/RA claim. Although Plaintiff included a factual narrative as an attachment to his original complaint, his amended complaint consists only of the form complaint and does not include any attachments. It is therefore difficult to discern whether Plaintiff intended to abandon his ADA/RA claims. Accordingly, to avoid the unduly harsh sanction of dismissing this action in its entirety, and in light of "the special solicitude federal courts ordinarily afford to *pro se* litigants," *Tracy v. Freshwater*, 623 F.3d 90, 100 (2d Cir. 2010), the Court will reinstate Plaintiff's original complaint, ECF No. 1, as the operative complaint. The ADA/RA reasonable accommodation/failure-to-accommodate claim will proceed to service upon DOCCS.

## ORDER

IT HEREBY IS ORDERED that the amended complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Clerk of Court is directed to terminate Martuscello, Moores, and Cook from this action; and it is further

ORDERED that the original complaint is reinstated as the operative complaint; and it is further

ORDERED that the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the summons and complaint upon DOCCS without Plaintiff's payment therefore,

unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that once served, DOCCS shall answer the complaint or respond under 42 U.S.C. § 1997e(g); and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this order to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address changes. The Court may dismiss the action if Plaintiff fails to do so.

IT IS SO ORDERED.

Dated: May 21, 2024
       Rochester, NY

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York