UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CALVIN WALKER,

                                  Plaintiff,

                                                        Case # 23-CV-6598-FPG

v.

                                                        DECISION AND ORDER

DOCCS,

                                  Defendant.

## INTRODUCTION

*Pro se* Plaintiff Calvin Walker brings this civil rights action against Defendant DOCCS. ECF No. 1. On March 12, 2025, the Court issued an Order to Show Cause, which directed Plaintiff to, by March 26, 2025, show cause in writing why this case should not be dismissed for failure to prosecute. ECF No. 14. To date, Plaintiff has not responded to that Order. For the reasons below, Plaintiff's action is dismissed for failure to prosecute.

## BACKGROUND

This action was commenced in October 2023, when *pro se* Plaintiff Calvin Walker filed a complaint seeking relief under 42 U.S.C. § 1983. ECF No. 1. On November 27, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). ECF No. 6. The Court found that Plaintiff's complaint plausibly alleged a claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") and allowed that claim to proceed to service upon DOCCS. *Id.* at 6–13. Additionally, the Court dismissed Plaintiff's Eighth Amendment claim but granted leave to amend. *Id.* at 6.

Plaintiff timely filed an amended complaint, ECF No. 7, which the Court screened under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). ECF No. 9. The Court then dismissed without leave to amend the Eighth Amendment claims. *Id.* at 2. Because the amended complaint did not include the allegations supporting the ADA/RA claim but did name DOCCS as a defendant, the Court reinstated the original complaint and directed service upon DOCCS. *Id.* Plaintiff did not respond to that Order. On August 14, 2024, Defendant DOCCS moved to dismiss this action for failure to state a claim. ECF No. 11. Plaintiff did not oppose the motion. Plaintiff's last contact with the Court was a letter dated January 30, 2024, notifying the Court of his new address. ECF No. 8.

In this Court's previous Orders, ECF Nos. 6, 9, the Court ordered that Plaintiff notify the Court in writing of any address changes and cautioned that the action may be dismissed if the Plaintiff failed to do so. ECF No. 6 at 13; ECF No. 9 at 7. While Plaintiff did not formally notify the Court, the Court learned that Plaintiff's address had changed since he last updated the Court. Currently, Plaintiff's address is listed as Riverview Correctional Facility in the Court's electronic filing system, which is the address Plaintiff provided in his last contact with the Court. *See* ECF No. 8. However, New York's inmate-lookup website indicates that Plaintiff was released from Riverview Correctional Facility on October 24, 2024.

Because Plaintiff failed to keep the Court informed of his address change, as required by the Local Rules and this Court's Orders, Plaintiff was ordered to show cause, in writing, why this case should not be dismissed for failure to inform the Court of his address change by March 26, 2025. ECF No. 14 at 3. In the Order, Plaintiff was warned that if he failed to file a written response by March 26, the Court may treat his noncompliance as a failure to prosecute and may dismiss this action with prejudice pursuant to Rule 41(b). *Id.* The Court mailed a copy of its Order to Show Cause, ECF No. 14, to Plaintiff's last known address, but received no response from Plaintiff.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. *Lucas v. Miles*, 84 F.3d 532, 534–35 (2d Cir. 1996). The district court's discretion to dismiss a case under Rule 41(b) for failure to prosecute is not limitless, and the record must be reviewed as a whole. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209–10 (2d Cir. 2001).

Although not specifically defined in Rule 41(b), the Second Circuit Court of Appeals has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Also, in tandem, this Court's Local Rule of Civil Procedure 41(b), states that a judge may issue an order dismissing a civil case if it is pending for more than six months and noncompliant with the judge's directions, or if no action has been taken by the parties for more than six months. Loc. R. Civ. P. 41(b).

When considering a Rule 41(b) dismissal, the Court analyzes the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535. No single factor is dispositive, and the Court must consider the record as a whole. *Vail v. City of New York*, No. 18-CV-9169, 2021 WL 2018838, at *1 (S.D.N.Y. May 20, 2021).

Where a plaintiff is proceeding *pro se*, his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209.

However, *pro se* litigants have an obligation to comply with a court's orders, and when they fail to do so, "they, like all litigants, must suffer the consequences of their actions." *Hibbert v. Apfel*, No. 99 Civ. 4246, 2000 WL 977683, at *3 (S.D.N.Y. Jul. 17, 2000).

### I.    Failure to Prosecute

After considering the above factors, the Court concludes that dismissal is appropriate under Rule 41(b) because each of the relevant factors favors dismissal.

#### a.  Delay

Plaintiff's last contact with the Court was on January 30, 2024. *See* ECF No. 8. Under the most generous interpretation of the facts, Plaintiff has been in noncompliance with Court's order to notify it of any address changes since October 24, 2024. This delay of five months is sufficient to warrant dismissal. *See Peters-Turnbull v. Board of Educ. of City of New York*, No. 96-CV-4914, 1999 WL 959375, at *3, (S.D.N.Y. Oct. 20, 1999) (holding that a delay between five and ten months was "comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.").

#### b.  Notice

The Court warned Plaintiff multiple times that he needed to maintain current contact information with the Court and cautioned that Plaintiff's claims could be dismissed if Plaintiff failed to do so. *See* ECF Nos. 6, 9, 14. On March 12, 2025, the Court gave Plaintiff a specific, final warning that his claims may be dismissed for failure to prosecute if he did not respond to the Order to Show Cause. ECF No. 14. Therefore, Plaintiff had sufficient notice. *See Lucas*, 84 F.3d at 535.

#### c.  Prejudice

In this case, Defendant would be prejudiced by being forced to attempt to disprove the claims of a plaintiff who has been nonresponsive and is unlikely to participate in discovery and

further litigation. *See Simmonds v. City of New York*, No. 21-CV-06495, 2023 WL 6879615, at *2 (E.D.N.Y. Oct. 18, 2023).

### d. Docket Balance

"It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3. As such, the Court has an interest in removing this case from its docket, instead of keeping it open for the benefit of a plaintiff who has shown no interest in participating in the case for more than a year. *See Simmonds*, 2023 WL 6879615, at *2.

### e. Sanctions

Monetary sanctions are usually not appropriate for a *pro se* and/or *in forma pauperis* plaintiff. *Henderson v. Levy*, No. 15-CV-802, 2019 WL 1410867, at *4 (W.D.N.Y. Mar. 1, 2019). Given that Plaintiff is *pro se* and proceeding *in forma pauperis* in this case, the Court finds that monetary sanctions would not be appropriate. In addition, based on the analysis above, the Court declines to provide a sanction less drastic than dismissal at this time.

### CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Defendant's Motion to Dismiss, ECF No. 11, is DENIED AS MOOT. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED:    Rochester, New York
          March 27, 2025

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York